# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-568V
### Filed: February 2, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JOSEPH J. KRAUS, a married man, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Tetanus-Diphtheria-acellular Pertussis; |
| | * | Tdap; Table Injury; Brachial Neuritis; |
| SECRETARY OF HEALTH | * | Neurapraxia; Special Processing Unit; |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs Decision |
| | * | Based on Proffer |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

Marc Silverman, Esq., Bellevue, WA, for petitioner.
Justine Walters, Esq., US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

**Vowell**, Chief Special Master:

On July 3, 2014, Joseph J. Kraus filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,  [the "Vaccine Act" or "Program"].  Petitioner alleged that he suffered neurapraxia as a result of a tetanus-diphtheria-acellular pertussis ["Tdap"] vaccination he received on August 25, 2011.  Petition at 2.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 29, 2014, respondent filed her Rule 4(c) report ["Res. Report"], in which she conceded that petitioner is entitled to compensation in this case.  Res. Report at 2.  Specifically, respondent indicated that the facts of the case support a finding that petitioner suffered the Vaccine Table Injury of brachial neuritis within 2 to 28 days of receiving the Tdap vaccine.  *Id.* at 4.  Respondent agreed that petitioner's injury lasted for more than 6 months and were not caused by a factor unrelated to the Tdap vaccine. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

On September 30, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation. On January 29, 2015, respondent filed a proffer on award of compensation ["Proffer"] detailing compensation in the amount of $225,000.00 for actual and projected pain and suffering and in the amount of $2,019.76 for past unreimbursed expenses for a total of $227,019.76. Proffer at 2. Respondent averred that petitioner agreed to the amounts set forth therein. *Id.* This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The proffer also included an award of attorneys' fees and costs in the amount of $8,905.08 to which petitioner agreed. *Id.* In accordance with General Order #9, petitioner's counsel asserts that petitioner incurred $175.00 in litigation expenses. *Id.* The Vaccine Act permits an award of reasonable fees and costs. 42 U.S.C. § 300 aa-15(e). I find the proposed total amount of $9,080.08 to be reasonable.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a payment of $236,099.84 as follows:**

a. a lump sum payment of **$227,194.76** in the form of a check payable solely to petitioner, Joseph J. Kraus;

b. a lump sum payment of **$8,905.08** in the form of a check payable jointly to petitioner, Joseph J. Kraus and petitioner's counsel, Marc Silverman.

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

_____

|  |  |  |
|---|---|---|
| | ) | |
| JOSEPH J. KRAUS, a Married Man, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 14-568V |
| v. | ) | Chief Special Master Vowell |
| | ) | ECF |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

For the  purposes of this proffer, the term "vaccine-related" is as described in

Respondent's Rule 4(c) Report filed on September 29, 2014.

**A.      Future Unreimbursable Expenses**

The parties agree that based upon the evidence of record, petitioner will not require future

care for his vaccine-related injury.  Therefore, respondent proffers that petitioner should be

awarded no future unreimbursable expenses under 42 U.S.C. § 300aa-15(a)(1).

Petitioner agrees.

**B.      Lost Future Earnings**

The parties agree that based upon the evidence of record, petitioner has been and will

continue to be gainfully employed in the future.  Therefore, respondent proffers that petitioner

should be awarded no anticipated loss of earnings under 42 U.S.C. § 300aa-15(a)(3)(B).

Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that petitioner should be awarded $225,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,019.76.  Petitioner agrees.

E.      Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens against him.

F.      Attorneys' Fees and Costs

Petitioner has supplied documentation of reasonable attorneys' fees and litigation costs expended by petitioner's counsel in the amount of $8,905.08, incurred in pursuit of this petition. In compliance with General Order #9, petitioner represents that he incurred $175.00 in costs in proceeding on the petition.  Respondent proffers that petitioner should be awarded a total of $9,080.08 for attorneys' fees and litigation costs.  Petitioner agrees.

## II.     Form of the Award

The parties recommend that compensation provided to petitioner should be made through lump sum payments as described below  and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

A.   A lump sum payment of $225,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner;

B.   A lump sum payment of $2,019.76, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner;

C.   A lump sum payment of $175.00, for litigation costs, in the form of a check payable to petitioner; and

D.   A lump sum payment of $8,905.08 for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's attorney.  Petitioner agrees to endorse this payment to petitioner's attorney.

### III.   Summary of Recommended Payments Following Judgment

A.   Lump sum paid to petitioner:                                          **$227,194.76**

B.   Reasonable Attorneys' Fees and Costs
     payable jointly to petitioner and petitioner's counsel:       **$8,905.08**

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Tort Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/ Justine Walters
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 307-6393

Dated:  January 29, 2015